Maxa, A.C.J.
(dissenting)
¶35 I would agree with the majority that Kevin Estes received ineffective assistance of counsel if the record showed that defense counsel was unaware that the deadly weapon enhancements made his third degree assault and felony harassment charges strike offenses. However, the record simply is inconclusive regarding what defense counsel knew or did not know. Accordingly, I dissent.
¶36 Defense counsel never stated that he did not know that convictions for third degree assault and felony harassment with deadly weapon enhancements constituted strikes under the persistent offender statute. The majority’s conclusion that defense counsel did not know that Estes’s convictions constituted a third strike primarily is based on a single statement from defense counsel. When the State said, “As the Court is aware, this is a third strike case,” defense counsel responded, “[Estes] wasn’t convicted of a strike offense.” 4 Report of Proceedings at 504.
¶37 Defense counsel’s statement certainly could give rise to an inference that he was unaware of the third strike implications of Estes’s convictions. However, that is not the only explanation for defense counsel’s statement. Defense counsel may have been momentarily confused or simply may have misspoken. Nothing in the record discloses what defense counsel actually knew, what Estes knew, or what defense counsel told Estes about whether Estes’s convictions would be third strikes.[10]
¶38 The majority also references Estes’s refusal to engage in any negotiations with the State in order to avoid a *496 third strike, and seems to suggest that this fact indicates that defense counsel did not know that Estes was facing a third strike if convicted. However, there certainly are many other reasons why a defendant might decline to negotiate.
¶39 The absence of any meaningful evidence regarding what defense counsel actually knew is fatal to Estes’s ineffective assistance of counsel claim. The starting point in any ineffective assistance of counsel analysis is the strong presumption that defense counsel’s performance was effective. State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). This presumption cannot be overcome by speculation or even an inference about what defense counsel knew or did not know about the third strike implications of Estes’s convictions.
¶40 If defense counsel in fact did not know that Estes’s convictions were third strikes under the persistent offender statute, Estes is not without a remedy. He can file a personal restraint petition in which he presents sworn testimony to support his ineffective assistance of counsel claim. If that testimony or findings following a reference hearing demonstrate defense counsel’s lack of knowledge, Estes may be entitled to a reversal of his convictions. However, based on the record on this appeal, Estes cannot establish ineffective assistance of counsel. As a result, I would affirm Estes’s convictions.
Review granted at 186 Wn.2d 1016 (2016).

 In his statement of additional grounds, Estes asserted that defense counsel did not advise him that the weapon enhancement would result in his convictions becoming strike offenses. However, this assertion is not part of the appellate *496 record and cannot be considered in evaluating Estes’s ineffective assistance of counsel claim.